72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Andre C. LATIMORE, Appellant.
 No. 94-3168.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 20, 1995.
 
 Before: EDWARDS, Chief Judge, HENDERSON and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the appeal from a judgment of conviction in the District Court, and was briefed and argued by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the court, that the judgment is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The District Court did not abuse its discretion in denying appellant's motions for continuance on April 8, 1993, and on April 19, 1993, the day of trial. The ten days between the denial of the first motion and trial included two weekends and gave newly-appointed counsel only a bare minimum of time to prepare for trial. This raised a legitimate concern for appellant, because criminal defendants have a right to counsel with adequate time for trial preparation. United States v. Burton, 584 F.2d 485, 489 (D.C.Cir.1978), cert. denied, 439 U.S. 1069 (1979). However, in seeking a continuance, counsel must justify the requested delay. The justification offered by counsel in this case did not convince the trial judge.
 
 
 5
 In her first motion, trial counsel made a minimal showing of need. The second motion, made on the morning of trial, noted several grounds for a continuance. Counsel stated that she was not prepared because she did not have adequate time to retain an expert, conduct an investigation, subpoena witnesses, conduct research, review newly-revealed fingerprint evidence, or formulate questions.
 
 
 6
 Despite these asserted justifications for delay, there were countervailing considerations that supported the District Court's judgment in this case. The case was relatively simple, involving the possession of drugs found in appellant's pocket and a firearm found near the place of his arrest, and trial was only expected to last a few days. On April 8, 1993, when trial counsel was appointed, she was not totally unfamiliar with this case: she had agreed to take the case on April 1, had received the file on April 3, was aware of plea discussions, and had appeared for appellant at a status call on April 5. Furthermore, trial counsel did not have to start from scratch, because prior counsel had received discovery, conducted plea negotiations, and filed several motions. Finally, having been appointed under the Criminal Justice Act, 18 U.S.C. Sec. 3006A (1988), trial counsel presumably was experienced in trying criminal cases.
 
 
 7
 In assessing appellant's claim, we are mindful that the District Court enjoys great discretion in ruling on a motion for a continuance. United States v. Poston, 902 F.2d 90, 96 (D.C.Cir.1990). Although this case is close, in light of all the circumstances the court cannot say that the District Court abused its discretion.